Filed 11/9/16 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2016 ND 204

Margaret M. Hageness, Plaintiff and Appellee

v.

Patricia A. Slaubaugh, Defendant and Appellee

and

Shirley Hageness a.k.a. Shirley Larson-Strand Defendant and Appellant

and

All Other Defendants Unknown that may have an

Estate and Interest, Defendants

No. 20160161

Appeal from the District Court of Pierce County, Northeast Judicial District, the Honorable John C. McClintock, Jr., Judge.

AFFIRMED.

Per Curiam.

Ronald I. Galstad, P.O. Box 386, East Grand Forks, Minn. 56721-0386, for plaintiff and appellee.

Christopher J. Nyhus, P.O. Box 2295, Bismarck, N.D. 58502-2295, for defendant and appellee.

Shirley M. Hageness, self-represented, 6537 Pleasant Lake Road, Rugby, N.D. 58368, defendant and appellant; submitted on brief.

Hageness v. Slaubaugh

No. 20160161

Per Curiam.

[¶1] Shirley Hageness appeals from a judgment dividing ownership of real property located in Pierce County.  
Margaret Hageness, Patricia Slaubaugh, and Shirley Hageness each owned an undivided one-third interest in real property, as tenants in common.  Margaret Hageness brought a partition action against Slaubaugh and Shirley Hageness, requesting the court divide the property among the three parties.  
Various documents were filed in the action by individuals who were not a party to the action, including a deed purporting to transfer Slaubaugh’s interest in the property to Shirley Hageness.  Shirley Hageness, Slaubaugh, and Margaret Hageness jointly moved to strike the documents and requested the court find the deed was a fraudulent conveyance.  The district court granted the motion.  The parties reached an agreement to divide the property, and the court ordered the property be divided in accordance with the agreement.  Shirley Hageness argues the district court erred in granting the motion to strike the documents from the record, ordering the deed was a fraudulent conveyance, and failing to include the transfer of the property in the judgment.  We summarily affirm under N.D.R.App.P. 35.1(a)(1).

[¶2] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner